Yorks *v.* Steele.

THEODORE D. YORKS *vs.* THERON STEELE.

It is a general if not universal principle, that an action and judgment between two persons shall not bind or affect a third person, who could not be admitted to make a defense, to examine witnesses, or to appeal from the judgment.

Thus, where an action was brought by S. against a sheriff, to recover the possession of a horse, of which the plaintiff claimed to be the owner, and which the sheriff had taken upon an execution issued against the property of Y.; and in such action S. recovered a judgment, adjudging and determining that the horse was his property, and that he was entitled to the possession thereof; *Held,* that Y. although a witness for the sheriff, in such action, not being a party to the record, nor in legal privity with the plaintiff, nor having any right to control the proceedings, or appeal from the judgment therein, was not *estopped* by such judgment from bringing an action against S. to recover possession of the horse.

MOTION for a new trial, on a case and exceptions ordered to be heard in the first instance at a general term.

The action was brought to recover the possession of a horse, of the alleged value of $200. The defense, so far as the only question involved is concerned, is an *estoppel,* by a judgment obtained by this defendant against Thomas C. Chase, sheriff of Livingston county. The action was tried before Justice E. D. SMITH, at the Livingston circuit in April, 1867, without a jury. The plaintiff, for the purpose of submitting the question of estoppel to the court, for decision, admitted the following facts, viz: "That on or about the 4th day of January, 1865, a judgment was

rendered in this court in favor of George M. Pond against Theodore D. Yorks (plaintiff in this action) for the sum of $420 damages, and $12.34 costs, in the county of Monroe, and on or about the 5th day of January, 1865, a transcript thereof was duly filed, and said judgment docketed in the county of Livingston; that an execution upon said judgment in due form of law, was issued and delivered to Thomas C. Chase, sheriff of Livingston county, on or about the 7th day of January, 1865, in and by which he was required to satisfy said judgment from the property real and personal of the said Theodore D. Yorks ; that on or about the 11th day of January, 1865, the said sheriff, by virtue of the said execution, levied upon and seized the horse described in the plaintiff's complaint in this action as the property of Theodore D. Yorks, and then and there took and carried away said horse from the possession of the said Theron Steele (defendant in this action) in whose possession the said horse was at the time of such seizure.

That afterwards, and on or about the 13th day of January, 1865, and while said horse was in the possession of the said sheriff, the said Theron Steele commenced an action in this court in his favor, as plaintiff, against the said Thomas C. Chase, sheriff of the county of Livingston, as defendant, forthe recovery of the possession of said horse, alleging that he, said Steele, was the owner thereof and entitled to the possession of the same, and praying a judgment for the return thereof ; that the said Thomas C. Chase appeared in said action by Harris & Pond, attorneys, and who were attorneys for said George M. Pond in procuring said judgment and issuing said execution, and put in his answer to the complaint therein, setting forth the recovery of the said judgment, the issuing of said execution, the levy and seizure of said horse by virtue thereof, and alleging the same to be the property of the said Theodore D. Yorks, and subject to levy and sale on such execution.

That the issues thus joined came on to be tried at a court

appointed to be held at the court house in Geneseo, on the 1st day of May, 1865, and the same and all the issues therein joined were duly tried and determined by and before said court and a jury; that such proceedings were duly had in said action; that on the 13th day of July, 1865, said Theron Steele duly recovered a judgment therein in his favor, adjudging and determining that said horse was the property of the said Theron Steele, and that he was entitled to the possession of the same, a copy of which judgment roll is hereto annexed; that said judgment remains in full force and effect; that the said Theodore D. Yorks was sworn as a witness on the trial of said action for and on behalf of the said Thomas C. Chase, and gave material testimony for said Chase to the effect that the said Theodore was the owner of said horse, and has acquired no ownership of said horse or right to the possession since the action was commenced in which said judgment was recovered as aforesaid."

In view of these facts so admitted, the defendant in this action moved the court for a dismissal of the complaint herein, on the ground that the said Theodore D. Yorks, plaintiff in this action, was bound by the said judgment so obtained against the said Thomas C. Chase, sheriff as aforesaid; that the same was an estoppel and bar to the right of the said Theodore D. Yorks to claim and prove on the trial of this action that he was the owner of said horse and entitled to the possession thereof. The said plaintiff, Theodore D. Yorks, claimed and insisted that he was not a party to such action against said Chase, sheriff as aforesaid, nor privy in law to said Chase therein; that he, said Theodore D. Yorks, was not barred or estopped by the said judgment, in the premises, but had the right to litigate the question of ownership and possession of said horse as against the said Steele in this action.

The court granted said motion, and ordered the complaint to be dismissed with costs, and the said plaintiff Theodore D. Yorks excepted to such decision.

On motion of the plaintiff, the court thereupon ordered a stay of proceedings for sixty days to enable him to make and serve a case and exceptions, to be heard in the first instance at the general term, with a further stay, after case and exceptions heard, until the decision thereon of said general term.

*A. J. Abbott,* for the plaintiff. I. The court erred in dismissing the complaint. Pond recovered a judgment against Yorks; issued execution thereon to Chase, sheriff; Chase levied the execution on the horse in question in the possession of Steele, and took the horse from his possession; Steele brought suit against Chase, sheriff, and Chase defended the suit by the attorneys for the plaintiff in the execution, in the interest of the plaintiff in the execution, who alone had the right to control the defense against Steele. Yorks was not a party to the action and we submit was not bound by the result thereof. The sheriff, Chase, acted solely as the agent of Pond, the plaintiff in the execution, in taking the property from Steele. Could the sheriff when sued by Steele, evade his responsibility to Pond, by giving Yorks, the defendant in the execution, notice of the suit, and an opportunity to defend it? Most clearly not. Yorks stood in a position in hostility to Pond. He could not bind Pond nor the sheriff by any declarations or admissions, made by him, Yorks, in the progress of the suit, or at any other time. Yorks had 1st. No right to defend the suit or to interfere with it in any way. 2d. No notice or opportunity to defend it. 3d. He was under no obligation to defend the suit, spend his time, employ counsel, and be at expense generally in procuring testimony, &c. for the benefit of Pond. He was a witness on compulsion—and because he was subpœnaed, and compelled to testify in a suit which he did not control, and had no opportunity of controlling, and no right to control, and to which he was not a party, and had no right to be a party, is he, notwithstanding, to be bound by

the result therein ? Suppose, as may have been the fact in this case, the horse had been exempt, &c. would he be bound by the result of the litigation between Chase and Steele, both being as to him, wrongdoers ? (*Case* v. *Reeve,* 14 *John.* 79, 81. *Castle* v. *Noyes,* 14 *N. Y. Rep.* 329. *Campbell* v. *Hall,* 16 *id.* 575, 578.)

It is a general, if not universal principle, that a suit between two persons shall not bind or affect a third person, who could not be admitted to make a defense, to examine witnesses, or to appeal from the judgment.

*H. J. Wood,* for the defendant. I. The judgment in *Steele* v. *Chase* was an estoppel of the plaintiff, if the plaintiff in *this* action and the defendant in *that* action were either parties or privies, and the adjudication was of the same subject matter. It is well settled that the judgment of a court of competent jurisdiction is conclusive, in a second suit between the same parties or their *privies,* of the same subject matter. The facts of this case create such a privity as to bring the case within the rule. 1. The property in question is the same property in both actions. The question adjudicated in the first action, and sought to be adjudicated in this, is the same, viz : Was the plaintiff in this action the owner of the horse ? 2. The levy of the sheriff, who was the defendant in the former action, vested in him, as such, all the title of the plaintiff to the property ; and he was the proper, if not the only party, who could maintain an action for its possession or conversion, as bailee in law. (*Dezell* v. *Odell,* 3 *Hill,* 215. 6 *John.* 195. *Peck* v. *Tiffany,* 2 *Comst.* 451.) The general owner of property, or a bailee having a special interest therein, may maintain trespass or trover, and when the owner brings the action it is a bar to a suit by the bailee. (*Green* v. *Clarke,* 2 *Kern.* 343, 351, 355.) If the sheriff in the former action had recovered, it would have been conclusive against the defendant in this action. It would have

adjudged the property to have been the property of Yorks, the plaintiff in this action, and applicable to the payment of his debts. It cannot be claimed that the defendant in this action would not have been estopped. (*Calkins* v. *Allerton,* 3 *Barb.* 171.) The converse of this proposition should be true. " *Qui habet jurisdictionem absolvendi, habet jurisdictionem ligandi.*" The estoppel must be mutual. (*Bates* v. *Stanton,* 1 *Duer,* 79, 88.) 3. The plaintiff in this action, who was a witness in the former action to maintain his title, had an interest in a recovery in that action. A recovery would enure to his benefit. It would pay his debt. The plaintiff, until a recent statute, could not have been a witness in the former action, by reason of his interest therein. (1 *Phillips' Ev.* 63.) And his admissions would have been evidence for the plaintiff in that action, and the defendant in this action. (1 *Phillips' Ev.* 90. *Willies* v. *Farley,* 3 *Carr. & Payne,* 395.) 4. The evidence in this action, to maintain or defend it, must of necessity have been the same as in the former action. (*Miller* v. *Manice,* 6 *Hill,* 114. *Harris* v. *Harris,* 36 *Barb.* 89. 7 *John.* 20. 8 *id.* 383.) It is submitted that these are elements of privity, and conclusive. Greenleaf in his Treatise on evidence, (*vol.* 1, § 523,) defines parties " to include all who are directly interested in the subject matter of the controversy, and have a right to make defense or to control the proceedings, to appeal from the judgment, to adduce testimony and to cross-examine the witnesses adduced on the other side." And he defines privity to " denote mutual and successive relationship to the same rights of property," (§ 189,) and adds: " To give full effect to the principle by which parties are held bound by a judgment, all persons who are represented by the parties and claim under them, or in privity with them, are equally concluded by the same proceedings. Hence all privies, whether in estate or in blood or in law, are estopped from litigating that which is conclusive upon him with whom they are in privity." (§ 523.)

II. It is claimed by the plaintiff that he was neither party

nor privy to the former recovery, because "he had not the right to make defense, or to control the proceedings, appeal from the judgment, adduce testimony or cross-examine witnesses adduced on the other side," and quotes authorities which he claims sustains that position. The case at bar does not come within that definition, or the cases cited. The definition or rights enumerated, such as controlling the action, &c. applies only to *parties* as distinguishing the *real* party from the *nominal* party, and has no application to privies. The plaintiff was not a stranger to the adjudication. 1. The defendant in the former action acted in an official capacity, in the nature or relation of trustee of the plaintiff, created such by operation of law. The entire estate in which we now claim the plaintiff was privy with the defendant in the former action passed to the sheriff by the levy. The sheriff conducted the action for the benefit of the plaintiff as his direct representative, as was his legal duty to do, and hence the legal conclusion that the plaintiff in this action did interpose the defense and control of the same. "*Qui facit per alium facit per se.*" 2. But the plaintiff in fact did appear in that action, and gave material testimony tending to establish his title to the property. As the beneficiary of the action he may have had the right to appear and conduct it. And we cannot assume here that he did not do what he had a right to do, but may well assume that he did do what he had a legal right *to do*, that is, conduct the action, as he certainly adduced testimony. 3. The fact that the plaintiff was a witness on the former trial, for the defendant, for himself in fact, and gave material testimony in his own behalf, works an estoppel. (*Maybee* v. *Avery*, 18 *John.* 352. *Brown* v. *Brown*, 2 *E. D. Smith*, 153.) 4. But admitting the plaintiff did not appear or control the former action, either in fact or by legal inference, and that he had no right so to do, and that his giving testimony in his own behalf, were entirely immaterial, yet the plaintiff is estopped. Because he could not or did not do these things, it does not follow that he was a

stranger to the adjudication. In the case quoted, (*Green* v. *Clarke*,) the owner of the property brings the action and judgment goes against him; and the bailee is estopped. It cannot be claimed that the bailee had the right to make defense, control the proceedings, or adduce testimony, and yet the bailee is estopped, solely upon the ground that the whole matter had been adjudicated in the action by the owner; and that there was such a privity that an adjudication with one was an estoppel to the other. In *Tinkham* v. *Barb*, (24 *How.* 246,) it was held that a plaintiff, at whose solicitation a receiver had been appointed, cannot be allowed to prosecute a claim in this court, for which a judgment has already been obtained for his benefit by the receiver in another court. The decision was not put upon the ground that the plaintiff could not control the action, but solely upon the ground of privity, and the learned judge says in his opinion "that the receiver may be called the privy of the plaintiff by representation." A very unique definition, but quite applicable to the case before us. (*Cleveland* v. *Boerum*, 24 *N. Y. Rep.* 617.) *Leonard* v. *Barker*, 5 *Denio*, 220. *Wright* v. *Butler*, 6 *Wend.* 284.)

*By the Court*, JOHNSON, J. This was an action to recover the possession of a certain horse, on the alleged ground that it had been taken and wrongfully detained from the plaintiff by the defendant. The plaintiff was nonsuited at the trial, on the ground that he was estopped from prosecuting the defendant for the recovery of the horse, by a judgment before rendered in a certain action brought by the defendant against Thomas C. Chase, sheriff of Livingston county who had taken said horse from the defendant by virtue of an execution issued upon a judgment in favor of George M. Pond, against this plaintiff. I do not see upon what principle the ruling to nonsuit the plaintiff, can be sustained. It is a general, if not universal principle, that an action and judgment between two persons, shall not bind or affect a third person, who

could not be admitted to make a defense, to examine witnesses, or to appeal from the judgment. (*Case* v. *Reeve,* 14 *John.* 81. *Castle* v. *Noyes,* 14 *N. Y. Rep.* 329, 332. *Phil. Ev.* 222. *Greenl. on Ev.* § 523.) The plaintiff here was not a party to that action ; nor was there any legal privity between him and the plaintiff therein. The sheriff, who was the defendant in that action, was the agent of the plaintiff in the action in which the judgment was rendered upon which the execution issued. The parties in that action, were hostile parties, and must be so regarded, until it is shown that they were acting in concert against this defendant. The proceeding by execution, is always regarded as a hostile proceeding against a defendant. It is a proceeding *prima facie* to enforce the collection of a demand against the will of the other party. The law does not presume that a defendant in a judgment and execution is acting in aid of the plaintiff, and his agent, the sheriff, in enforcing the collection of the judgment. It is of no consequence, *prima facie,* that the plaintiff was a witness for the defendant in the action brought by this defendant. He had no right, as a witness, to examine or cross-examine other witnesses, or to call other witnesses, who might have a better knowledge of the facts than himself. In short, as a mere witness he he had no charge or control of the case whatever. And, supposing that judgment was erroneous, for any reason, he had no right of appeal, and no standing by which he could be heard to correct the error. Why, then, should he be bound by the adjudication ? It was not a judgment against him, in any sense, nor upon any right or interest which would subject him to an action for a recovery over, as in a case of a failure of title upon the sale of chattels. But beside all this, that was an action like this to recover the possession of the horse, merely, from the sheriff, and all that was there necessarily determined was, that the defendant had at the time the right of possession as against the sheriff. Upon what the case turned we do not now know. We can readily imagine a case in which such a judgment

might have been rendered, without determining the question whether the plaintiff here was at the time the real owner of the property, as between him and this defendant. But however that may be, it is plain, so far as appears, that the plaintiff has never yet had his day in court on the question of his title. There is nothing which proves, or tends to prove, that the present plaintiff defended, or had any right to defend, the former action. It is claimed by the defendant's counsel that the sheriff, Chase, who was defendant in the former action, was, in a legal sense, the agent or trustee of the present plaintiff in regard to the property, if it was really his. But this clearly is not so, in any such sense as to make this plaintiff a party in that action, either in form or substance. The sheriff, who was defendant in the former action, was the agent of this plaintiff's adversary, and was acting under a power not derived from this plaintiff, but given to him by the law, for the purpose of taking the plaintiff's property from him, by force, if necessary, and against his will. They were not in privity, as master and servant, or principal and agent. The plaintiff, here, was under no obligation, legal or moral, to defend the sheriff, in that action, and had no legal right to do so, or even to interfere with it in any way whatever. Not being a party to the record, he is not estopped by the judgment unless, in the language of Comstock, J. in *Castle* v. *Noyes*, (*supra*,) he "had a right to control the proceedings and appeal from the judgment." Having no such right he is not estopped. The nonsuit must, therefore, be set aside and a new trial granted, with costs to abide the event.

[Monroe General Term, March 2, 1868. *E. D. Smith, Johnson* and *J. C. Smith*, Justices.]