ELLA J. VAN KOUGHNET, Respondent, *v.* LOUIS DENNIE, Appellant.

*Former adjudication — a party who has procured a judgment cannot impeach it.*

A person who has, by his acts, procured the rendition of a judgment in a given case, although not a party to the record, cannot afterwards be heard to impeach that judgment in any respect for his own benefit.

In an action brought by a married woman to recover for money loaned and for services, in which the defendant pleaded a former adjudication as to the same subject-matter, it appeared that the claims in suit had been included in the complaint in an action previously brought by the plaintiff's husband against the same defendant, in the prosecution of which the plaintiff actively assisted and in which she was a witness for her husband; that that action resulted in an allowance of the claims then presented by the husband, but such allowance

| 68 | 179 |
| 75 | 376 |
| 68h | 179 |
| 60ad603 | |
| 68h | 179 |
| 173 NY¹508 | |

was overcome by a counterclaim, so that an affirmative judgment was rendered for the defendant, which stood unreversed.

*Held*, that the plaintiff was bound by such judgment and could not be heard to allege that, in the action in which it was entered, the wrong party called for payment of the claims in suit.

APPEAL by the defendant, Louis Dennie, from a judgment of the County Court of Wayne county, entered in the office of the clerk of Wayne county March 28, 1890, affirming a judgment of a justice of the peace, on appeal to that court on questions of law only.

*C. M. Allen*, for the appellant.

*J. W. Dunwell*, for the respondent.

MACOMBER, J. :

The plaintiff in this action recovered a judgment before the justice of the peace in the sum of forty-five dollars and twenty-five cents damages, besides costs. The action was brought to recover the sum of twenty-one dollars, alleged to have been loaned by the plaintiff to the defendant in the year 1887, and for twenty-five weeks' services rendered to the defendant by the plaintiff. The answer consisted of a general denial, and a former adjudication of the same subject-matter by another justice of the peace, wherein Sylvester Van Koughnet, the husband of this plaintiff, was the plaintiff against the present defendant. The proceedings in that action were put in evidence on the trial in the case involved on this appeal; and it appears therefrom, that the same matters claimed by this plaintiff against the defendant were set forth in the complaint of her husband, and formed the basis of his action on the former trial against this defendant. That case resulted in an allowance of the portion of the claim there presented by the husband; but the same was more than overcome by the counterclaim set forth and proved by the defendant in that action, the result of all which was an affirmative judgment in favor of the defendant therein against Sylvester Van Koughnet. That judgment stands unreversed and undisturbed by any appeal therefrom.

The judgment in the former action, by the husband of the plaintiff against this defendant, was not a former adjudication, technically so called, because that action was not between the parties to this record or their privies. But it appears that the plaintiff in the present action was active and mainly instrumental in prosecuting

the action brought by her husband, and in establishing the claims therein which were allowed to him by the justice of the peace. At the trial of the present action, Mrs. Van Koughnet testified, that she attended the trial of the former action; that she conducted her husband to the justice's office and back again, because he was blind; that she heard plainly all that was said in the room; that she was sworn and gave evidence as a witness; that she knew her husband was going to bring that suit before it was brought; that she went to the justice's office on the return day; took note of the proceedings and, there being a bill of items demanded by the defendant for certain portions of a claim made in the husband's complaint, the same was actually prepared and made up by this plaintiff herself. She now testifies that the items for twenty-one dollars for moneys loaned were, she supposed, the same as those mentioned upon the trial of her husband's case, and that the work, for which this action was brought to recover compensation, was the same work which formed the basis of a portion of the complaint in the other action.

Under these facts, notwithstanding the formal assertion by her that she did not know and was not informed that her claims made in this action were litigated and determined in the other action, the plaintiff is, as it seems to us, conclusively estopped by her acts which procured the judgment in the former case. An inspection of the record in her husband's action leads to the conclusion, that he could not have maintained his case except for the testimony given by his wife. Having by her own affirmative acts and testimony procured a judgment of a court, she cannot now be permitted to allege and prove, as against the same party, any fact inconsistent with the integrity of that judgment. The defendant has paid, through the allowance of his counterclaim in the former action, and its reduction by the amount of the bill then sued upon in the name of the husband and established by the testimony of the wife, these very claims now set up by the wife; and it would be unconscionable for her to obtain payment again, in her own name, of the identical indebtedness; and it would be a fraud upon the defendant to compel him to pay the second time. It does not suffice for the plaintiff to say that the wrong party called for payment before, for she called with him, and equally with him is bound by that judgment.

The learned county judge in his opinion, affirming the judgment

of the justice of the peace, regards himself bound upon this question by the decision of the court in *Yorks* v. *Steele* (50 Barb. 397). In that case the sheriff of Livingston county, by virtue of an execution against Yorks, levied upon, and took from the possession of Steele a horse as the property of Yorks. Steele sued the sheriff and recovered possession of the horse. On the trial of that action, Yorks was examined as a witness in behalf, not of Steele, but of the sheriff, and gave testimony to the effect that he owned the horse. Subsequently Yorks brought action against Steele to recover the same horse. It was claimed in behalf of Steele, that the action between him and the sheriff was a bar or estoppel to the action brought by Yorks and the trial court so decided. But the General Term reversed that decision and decided that the sheriff was in no sense the agent of Yorks, but that he was the agent of the plaintiff in the execution; that the sheriff was the agent of Yorks' adversary; that the action against the sheriff was merely to recover possession of the horse, and all that was necessary to determine was that Steele at that time had a right of possession as against the sheriff; that Yorks never had had his day in court on the question of title and consequently the former judgment was no bar to his action. But Yorks did not in that action give any testimony to show that either of the contending parties therein was the true owner of the horse, but on the contrary, he testified there, as he did in his own action, that he was the owner of it, and his action against Steele was in perfect harmony with the testimony which he there was called upon to give.

This case, therefore, is not brought within the line of the decision of the case of *Yorks* v. *Steele* (*supra*), but rests rather upon the doctrine that a person, who has by his acts procured the rendition of a judgment in a given case, cannot afterwards be heard to impeach that judgment in any respect for his own benefit. This view of the case renders it unnecessary to consider any other question presented by the appellant.

It follows that the judgment appealed from should be reversed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment of the County Court of Wayne county appealed from reversed, together with that of the justice of the peace, with costs in this court and in the County Court.