GEORGE W. STAMP, Plaintiff, *v.* AUGUSTUS W. FRANKLIN, as Executor, etc., of MARTHA W. DOUGLASS, Deceased, Defendant.

| | |
|---|---|
| 75 | 373 |
| 144a | 607 |

*Res adjudicata — action by a married woman for services and board — judgment for services only — not a bar to an action by the husband for board — amendment on the trial.*

It is the general rule that a judgment of a court of competent jurisdiction is final, not only as to the subject-matter there actually determined, but as to all other matters which the parties might there have litigated and had determined ; but to constitute a former adjudication, such as will bar a recovery in a subsequent action, the actions must be by or between the same parties or their privies.

A married woman brought an action against an executor to recover for services rendered and board furnished to the testator, and obtained a judgment for the full amount claimed, but on appeal the judgment was modified by excluding and striking therefrom the amount of the claim for board, on the ground that such claim belonged to the plaintiff's husband. Thereafter the husband brought an action against the same defendant to recover the claim for board.

*Held,* that the wife's judgment was not a bar, as a former adjudication, to a recovery by the husband on the claim for board, there being no privity between the two plaintiffs, it appearing that no right of action in the wife was founded upon any assignment from the husband, nor his right of action founded or dependent upon any assignment from her.

The complaint in the husband's action alleged an assignment by him to his wife of the claim for board and a reassignment thereof by her to him, but it did not appear that any assignment had been in fact made. On the trial the plaintiff, on calling his wife as a witness to testify to a personal transaction with the testator, was permitted, against the defendant's objection, to amend his complaint by striking out the allegations as to the assignments of the claim.

*Held,* that the allowance of the amendment was not error.

It appeared that the husband had consented that the claim for board be paid to his wife, and to the bringing and prosecution of the action by her in her own name.

*Held,* that this did not confer upon the wife a right of property in the claim which would enable her to recover it in an action contested in that respect by the defendant, and did not prevent a recovery by the husband in his action as owner of the claim.

MOTION by the defendant, Augustus W. Franklin, as executor, etc., for a new trial upon exceptions taken at the Yates Circuit, and ordered to be heard at General Term in the first instance, upon the direction of a verdict for the plaintiff on the the 24th day of May, 1893.

*Spicer & Morris* and *John Gillette,* for the plaintiff.

*John H. Johnson,* for the defendant.

BRADLEY, J.:

The action was brought to recover for board alleged to have been furnished by the plaintiff to the defendant's testatrix from the 5th day of November, 1884, to the 10th day of January, 1889. The defendant, amongst other matters of defense, alleges former adjudication of the same subject-matter in an action of Edna M. Stamp against the same defendant. She is the wife of the plaintiff and was called as a witness for him. And when she was asked to state whether she and her husband had a conversation with the testatrix prior to the time they went to her house, on the subject of going there, objection was taken on the ground that, being the plaintiff's assignor, she was not competent to testify to the conversation with the decedent. Thereupon the plaintiff asked leave to amend his complaint by striking out the allegations of assignment by him to his wife and of reassignment by her to him of the alleged claim. The amendment was allowed and made against the objection of the defendant, and exception taken. It is difficult to see the purpose of those allegations in the complaint, since, if the plaintiff's right to assert the claim in his own behalf was dependent upon an assignment by his wife to him, she was incompetent to give evidence of any conversation she had with the testatrix in relation to it. If no such assignment had in fact been made, there was no error in making the correction that was made of the pleading by the amendment. The defendant did not ask for any postponement of the trial by reason of the amendment. By reference made to the former action, which will hereafter be more particularly mentioned, it does not, nor did it on the trial of this action, appear that any assignment by the plaintiff to his wife had been made of the claim, or necessarily appear that she had made any assignment to him. The trial of the present action proceeded upon the assumption that he was the original creditor of the testatrix. The main question urged by the defendant arises upon the former adjudication as a bar to recovery. It appears that an action was commenced in this court by Edna M. Stamp, the wife of the plaintiff, against the same defendant for alleged services performed for the defendant's testatrix and for board fur-

nished to her, and that, as appears by the report of the referee in that action, she recovered for services $1,482.25 and for board $1,148.26, and judgment was directed and entered for $2,631.05 besides costs. On review by the General Term the judgment was reversed and a new trial granted unless the plaintiff should stipulate to deduct from the recovery $1,148.40, and in that event the judgment, as so modified, was affirmed. The plaintiff so stipulated, and the judgment was modified accordingly. Thus it appears by the record in the former action that an amount equal to that included in the judgment for the board and supplies was eliminated from the judgment. Thereupon this action was commenced by the plaintiff to recover the claim for the board and supplies, the amount for which it is asserted was excluded from the judgment recovered by the wife. This was matter within the cause of action alleged in the complaint in that action, and was there litigated. It is the general rule that a judgment of a court of competent jurisdiction is final, not only as to the subject-matter there actually determined, but as to all other matters which the parties might there have litigated and had determined. If, therefore, it can be said that the claim in question was properly the subject of litigation and determination between the parties in the former action, it must be deemed a bar to recovery in the present one. But to constitute a former adjudication strictly as such, the actions must be by or between the same parties or their privies. That was not necessarily so in this instance, since no privity in that sense exists between the plaintiff in that and this action, as no right of action in the wife was founded upon any assignment from the husband, nor is his founded or dependent upon assignment from her. The law of that case, as held by the court on the appeal, was that the claim for the board and supplies was not due to the wife, but was that of the husband, the present plaintiff, and that she was only entitled to maintain the action for her certain services performed for the testatrix. If for that reason she could not and did not recover in that action for such claim, that judgment was not *res adjudicata*. (*Stowell* v. *Chamberlain*, 60 N. Y. 272.) It does not appear that there was any evidence on the trial of Mrs. Stamp's action that she furnished provisions for the board in question, and on trial of this action there is evidence tending to prove that they were furnished by the plaintiff. He and his wife

were living together in the house of the testatrix where she also resided, and there she took her meals, which constituted the board in question. Nothing appearing to the contrary, it may be assumed that the plaintiff furnished the supplies for the table, and his wife had charge of the housework. Upon that state of facts the plaintiff, presumptively at least, was, and his wife was not, entitled to recover whatever was due from the testatrix for the board and provisions furnished to her. But it is suggested that because the plaintiff aided, by his evidence and otherwise, the prosecution of the action of his wife for the recovery of the claim which is the subject of this action, he is estopped from maintaining his action against the defendant. This clearly would be so if she had recovered for that claim in her action; and the effect would have been the same if the testatrix with his consent had paid his wife the amount of it in her lifetime. (*Reynolds* v. *Robinson,* 64 N. Y. 589, 594.) But although the amount of the claim was included in the judgment entered upon the report of the referee, it was excluded from the final judgment in that action; and, therefore, no prejudice results to the defendant from the prosecution of this action which enables him to effectually assert estoppel as a defense. In that fact is the difference between this and the case of *Van Koughnet* v. *Dennie* (68 Hun, 179). There, in the former action, the claim for which it was brought was overcome by a counterclaim, and in that way the plaintiff had the benefit of it, and to its extent the defendant's counterclaim was reduced. It was, therefore, very properly held that by the assistance of the plaintiff in the second action in the prosecution of the former one by her husband for the same cause, she was estopped from maintaining her action.

The conclusion fairly permitted in the case at bar was that the plaintiff in the former action had no right of action for the recovery of the claim which is the subject of the present action, and, consequently, the final judgment there is no bar here. At the close of the evidence each of the parties asked the court for direction of a verdict, and the defendant's counsel requested the court to submit to the jury the questions whether the plaintiff was owner of the claim, and whether it had not been adjudicated in the other action, " and whether the plaintiff, by agreement with his wife, had not consented to her having that claim, and bringing the action upon it in

her own name." This was refused and verdict directed for the plaintiff, and exceptions were taken. There was no error in these rulings. It quite clearly appeared that the plaintiff had consented that the claim be paid to his wife, and to the bringing and prosecution of the action to recover it, but this did not confer on her a right of property in it for the purpose of recovery in an action contested on that ground by the defendant. And for the reasons before stated, there was nothing for the jury on the question of former adjudication. The case is here upon exceptions only. For want of any further requests to do so the court was not required to submit any question of fact to the jury. No other exceptions require consideration.

The motion for new trial should be denied, and the plaintiff have judgment upon the verdict.

All concurred.

Defendant's motion for a new trial denied, with costs, and judgment ordered for the plaintiff on the verdict.