ALVIN CIPPERLY, an Infant, by HERBERT J. CIPPERLY, His Guardian ad Litem, Plaintiff, *v.* SEYMOUR LINK and Others, Defendants.

Supreme Court, Rensselaer County, November 7, 1929.

*Thomas F. Glavin*, for the plaintiff.

*E. Deane Vincent*, for the defendant Seymour Link.

STALEY, J. This is an action of ejectment. It appears that Gertrude A. Link was the owner of certain premises located at West Sand Lake, Rensselaer county, at the time of her death. She died on or about the 6th day of December, 1915, and on July 6, 1916, her will was admitted to probate by the Surrogate's Court of Rensselaer county. This will was dated the 5th day of October, 1915, and by it Gertrude A. Link devised all her property to her husband, Lorenzo P. Link, who was named as executor.

On the 21st day of May, 1917, Bertha M. Cipperly began an action in the Supreme Court, Rensselaer county, against Lorenzo P. Link, as executor of the last will and testament of Gertrude A. Link, deceased, for the purpose of securing the specific performance of a contract alleged to have been made by Gertrude A. Link, whereby she agreed to make a will giving and devising all her real and personal property to the said Bertha M. Cipperly, subject to the life use of the same by Lorenzo P. Link, her husband.

This action was tried in the Supreme Court and a decree was entered in favor of the plaintiff. It was adjudged in that action that the contract made between Gertrude A. Link and Bertha M. Cipperly and a will of Gertrude A. Link dated May 21, 1915, giving and devising all her property to Bertha M. Cipperly, subject to the life use by Lorenzo P. Link, were valid and constituted an irrevocable disposition of all the property and estate of which Gertrude A. Link died possessed.

After the determination of this action a will made by Gertrude

A. Link dated the 21st day of May, 1915, whereby Gertrude A. Link devised and bequeathed all her property to Bertha M. Cipperly, subject to the life use of her husband, Lorenzo P. Link, was offered for probate in the Surrogate's Court of Rensselaer county. On proof of the due execution of the will and judgment of the Supreme Court in the action above described, the surrogate, on July 31, 1925, admitted this will to probate and revoked the probate of the later will which had been previously admitted to probate.

It appears further that after the probate of the will dated October 5, 1915, and before the action in the Supreme Court was commenced, Lorenzo P. Link transferred the property located at West Sand Lake by deed to his son, Seymour Link, subject to the life use of Lorenzo P. Link. This deed was recorded December 15, 1916. Prior to the commencement of this action, Lorenzo P. Link died and Seymour Link entered into the possession of the property. The defendants in this action other than Seymour Link are tenants on the premises in question.

On the trial of this action the evidence consisted mainly of the wills, decrees and conveyance above described. The defendant moved for a nonsuit at the close of the plaintiff's case and at the end of the whole case.

The question here presented is the sufficiency of the documentary evidence to establish a cause of action against the defendants.

After the probate of the will dated October 5, 1915, the defendant Seymour Link took a conveyance of the West Sand Lake property from Lorenzo P. Link, who was then the record holder of the title. After the recording of this conveyance the Supreme Court action was commenced and the decree establishing the former will was made. Subsequently this former will was probated and the probate of the will of October 5, 1915, revoked. In both of these proceedings the defendant Seymour Link was not made a party.

The decree admitting the will of October 5, 1915, to probate stood upon the record unrevoked at the time of the conveyance from Lorenzo P. Link to Seymour Link, his son. It was not a nullity as the court had jurisdiction of the subject-matter and the parties to that proceeding. It formed a link in defendant's chain of title, and the rights which he acquired under it would not be divested without notice to him. As to the defendant Seymour Link, the subsequent action in the Supreme Court and the revocation of the probate of the will of October 5, 1915, were not binding upon him as he was not a party to these proceedings. (*Woodruff* v. *Claflin Co.*, 198 N. Y. 470, 477; *McNamara* v. *Eastman Kodak*

*Co.,* 232 id. 18, 23; *Bennett* v. *Gray,* 92 Hun, 86, 89; *Railroad Equipment Co.* v. *Blair* 145 N. Y. 607, 610; *Richmond* v. *Freemans National Bank,* 86 App. Div. 152; explained in *Matter of Anderson,* 95 Misc. 79, 82.)

The plaintiff might have made the defendant Seymour Link a party to the Supreme Court action and thus litigated his rights in the property in question. (*Alfred University* v. *Frace,* 193 App. Div. 279.) The mere fact that Seymour Link was called as a witness in that action was not equivalent to making him a party. It does not appear that he had control of the action in any way. (*Yorks* v. *Steele,* 50 Barb. 397.)

It follows that plaintiff has failed to establish the contract and the will made pursuant thereto as against the defendant Seymour Link and the complaint must be dismissed.

The defendant herein also contends that the probate of the will of May 21, 1915, by the surrogate of Rensselaer county on July 31, 1925, does not affect the title of defendant by force of the provisions of section 46 of the Decedent Estate Law. This section relates only to a title acquired from an heir and provides that such title shall not be affected unless within four years after the testator's death the will devis'ng the same is admitted to probate or established by judgment of a court having competent jurisdiction. The bar of this statute is limited to a title acquired from an heir and does not affect a title acquired by a legatee or his grantee under a will duly established at the time of the conveyance. I do not think that this statute applies to this situation or that the statute should be extended beyond the scope of its precise language.

It may be observed further that the will of May 21, 1915, was established by a judgment of the Supreme Court of December 4, 1917, in the action of Bertha Cipperly against Lorenzo P. Link as testator, and that such judgment was within four years of the death of Gertrude A. Link.

F:ndings of fact and conclusion of law may be presented in accordance herein dismissing the complaint without, costs and without prejudice against such other action by plaintiff as may be necessary to establish his right in the property which is the subject of this action.