Louis Goldfarb and Louis Shereff, Doing Business under the Trade Name and Style of National Factors, Appellants, *v.* C. & K. Purchasing Corporation, Respondent.

Supreme Court, Appellate Term, First Department, January 20, 1939.

*Louis H. Shereff*, for the appellants.

*Frank V. McMahon*, for the respondent.

Per Curiam. The rule is well settled that the rights of an assignee are superior to those of a creditor of the assignor who attaches after the assignment of an indebtedness originally due the assignor. The only effect of the failure to notify the debtor of the assignment is to protect him as to any payments which he might

make to the assignor or to an attaching creditor of the assignor in good faith and in ignorance of the assignment. (*Greentree* v. *Rosenstock*, 61 N. Y. 583, 593; *Williams* v. *Ingersoll*, 89 id. 508, 523; 2 Williston on Contracts [Rev. ed.], § 434; Restatement of the Law of Contracts, § 172, subd. 1.) In the instant case the payment made by this defendant in the Connecticut action was subsequent to the time it acquired knowledge of the assignment to the plaintiffs. The latter were not parties to the Connecticut action, and under the law of this State were under no obligation or requirement to appear in Connecticut to attack the attachment of accounts which belonged to them and not to the defendant in the Connecticut action, their assignor. (*Williams* v. *Ingersoll*, 89 N. Y. 508, 525.) Nor are the plaintiffs bound by the denial of the motion made in the Connecticut action by the defendant therein to vacate the attachment, merely because they recommended the attorney who represented said defendant and because one of the plaintiffs testified as a witness in said action. One who is not a party to an action is not bound by any order or judgment entered therein, even though he participates in the defense of the action, unless he controls the defense and has a right to appeal from an adverse order of judgment. (*Fish* v. *Vanderlip*, 218 N. Y. 29.) Testimony as a witness is insufficient. (*Cipperly* v. *Link*, 135 Misc. 134; *Buffalo Fire Appliance Corp.* v. *City of Norwich*, 156 id. 486.) As the evidence fails to establish that the plaintiffs did control the defense of the Connecticut action or that they had any right to appeal from an adverse order or judgment made therein, the judgment below in favor of the defendant must be reversed and judgment directed for the plaintiffs for the amount demanded in the complaint. It is to be noted that the defendant herein made no application whatsoever to the Connecticut court in respect to the attachment, or otherwise, after it received notice, a few days after the attachment, of the fact that the indebtedness due from it to the defendant in the Connecticut action had been assigned to the present plaintiffs. Although there is testimony in the record that the assignments were called to the attention of the Connecticut court by counsel for plaintiffs' assignor, the defendant in the Connecticut action, the only evidence that the latter's motion to dissolve the attachment was denied consisted of the testimony of plaintiff Shereff, who testified without contradiction that the Connecticut court ruled out all testimony as to the assignments to the present plaintiffs as immaterial and denied the motion on the theory that proper service had been effected on plaintiffs' assignor in the Connecticut action. Although the result of a judgment in favor of the plaintiffs herein is to compel the defendant to pay the same

indebtedness twice, this might have been avoided had the defendant taken proper proceedings in Connecticut to assail the attachment after it received notice of the assignment to the plaintiffs, and, in the event of an adverse determination, taken an appeal therefrom. At any rate, the plaintiffs, residents of this State, were not bound to appear in Connecticut to question the validity of an attachment on an indebtedness which belonged to the plaintiffs and not to the defendant in the Connecticut action, and they are, therefore, not affected by the proceeding in Connecticut to which they were not a party either in name or in fact.

Judgment reversed, with thirty dollars costs, and judgment directed in favor of plaintiffs for the amount demanded in the complaint, with costs.

All concur. Present — HAMMER, FRANKENTHALER and NOONAN, JJ.