Robert O. Brink, J.
This is a motion by the defendant, Dorothy Strawway, to serve a supplemental answer alleging a defense which came into existence after issue was joined, and, based on that defense, seeking summary judgment against the . plaintiff, Sandra L. Willsey.
The plaintiff in the instant case was the operator of a car, owned by her father (an absentee owner), which collided with a car owned and operated by the defendant herein.
Two other actions arose out of the same collision. The defendant herein commenced an action in the Supreme Court, Steuben County, against Basil Willsey, owner of the car driven by plaintiff in the instant case, to recover for personal injuries and property damage sustained by her. Basil Willsey, the absentee owner, also commenced an action in the Supreme Court, Schuyler County, against the defendant herein to recover for property damage to his automobile. The actions were consolidated and tried in Steuben County, resulting in a verdict in favor of the defendant herein and a verdict of no cause of action against the absentee owner, Basil Willsey.
The verdicts in those two actions necessarily included a finding of negligence on the part of the plaintiff, Sandra Willsey, and no negligence on the part of the defendant, Dorothy Strawway.
The defendant now claims that the results in the two prior actions should be binding on the plaintiff, on the issue of negligence of all the parties, since the question of plaintiff’s negligence was determined in those actions, and since she appeared with her attorney at that consolidated trial, and was a witness. Her attorney, it is alleged, examined the plaintiff at that trial, and .several other witnesses sworn on behalf of Basil Willsey.
This is a case involving the law of collateral estoppel, as opposed to res judicata. Strictly speaking, the cause of action of the plaintiff, herein, is one for personal injuries. The cause of action of her father, the owner, was for property damage, a property right in which the plaintiff has no interest. (Haverhill v. International Ry. Co., 217 App. Div. 521, affd. 244 N. Y. 582 [1927].) The laws of collateral estoppel apply to material issues in a prior action which were actually litigated and determined.
The defense of collateral estoppel involves two rules of public policy. ‘" The first is that a question once tried out should not be relitigated between the .same parties or their privies. The other public policy involved in collateral estoppel and res judicata, however, is that these doctrines must not be allowed to operate to deprive a party of an actual opportunity to be heard ” (Commissioners of State Ins. Fund v. Low, 3 N Y 2d 590, 595 [1958]).
*603 It is the balancing of these two rules which has resulted in changes in the New York law in the area of res judicata and collateral estoppel.
It is generally stated that the plea of res judicata is available only to parties to the prior action or their privies, and that the estoppel of the judgment must be mutual. (Israel v. Wood Dolson Co., 1 N Y 2d 116 [1956].)
The effective application of collateral estoppel, therefore, requires compliance with the tests of identity or privity, and mutuality of estoppel. Recent changes in the law have affected the application of the rule of mutuality. (Israel v. Wood Dolson Co., supra.) However, rules involving mutuality apply only to the party asserting the plea of res. judicata. The rules regarding compliance with the tests of identity or privity have been unchanged by recent law, as regards the party against whom the estoppel is asserted.
“ Thus, the requirement that one must have been a party to, or in privity with a party to, the previous suit in order to be bound by it refers only to one against whom the binding effect of the previous action is asserted, while mutuality is a test that must be met by those seeking to take advantage of a previous adjudication. (Collateral Estoppel in New York, 36 N. Y. U. L. Rev. 1158, 1162. Friedman v. Park Lane Motors, 18 A D 2d 262 [1st Dept., 1963]. See Commissioners of State Ins. Fund v. Low, supra.)
The consideration of paramount importance in determining against whom the plea can be raised, is that the party sought to be estopped must have had a full and complete opportunity to be heard. (Friedman v. Park Lane Motors, supra.)
Since, in the instant case, the defendant was a party to the prior actions, under certain circumstances, there is no question that she would have the right to raise the defense of res judicata. However, before such defense can be raised successfully, it is necessary to determine whether the plaintiff, herein, was in a relationship of privity to Basil Willsey in the prior action. That is the fundamental issue in this case.
There are few satisfactory definitions of privity as applied to res judicata. It is generally defined as mutual or successive relationships to the same rights of property. (Haverhill v. International Ry. Co., supra.) No case has been cited to the court which holds specifically that the relationship of a driver to an absentee owner is one of privity, per se.
That the relationship of privity does not arise from section 388 of the Vehicle and Traffic Law, the statute creating the owner’s liability, is apparent since the liability created under the statute *604 is in favor of third parties. At common law, no relationship between owner and driver came into being by the mere granting of permission by an owner to a driver to use the owner’s car. The driver had to be on the business of the owner for an agency relationship to arise.
That the relationship is not one of privity, in the absence of some additional element, may be reasonably inferred from the fact that relationships of derivative liability which include an operator and owner of an automobile have been considered as exceptions to the rule of mutuality. Were they in strict privity, each would be bound by judgment rendered for or against the other whether the plea of res judicata were raised by them or offered against them. The fact that the courts have held that such plea might be raised, even though, if the result in the prior action changed, they could not be bound by the plea, indicates that the relationship stemming alone from derivative liability is not that of privity.
For example, in the case of Good Health Dairy Prods. Corp. v. Emery (275 N. Y. 14 [1937]), the driver employee of car No. 1 sued the owner and employee driver of car No. 2 for personal injuries resulting from a collision between the two vehicles. After the commencement of the action, but before trial, the owner and employee driver of car No. 2 sued both the owner and employee driver of car No. 1 for property and personal injuries. The owner of car No. 1 then interposed a counterclaim for property damage.
The first action resulted in a verdict in favor of the plaintiff, employee driver of car No. 1. Both he and owner of car No. 1 moved to supplement their answers in the second actions to set forth the defense of res judicata.
The court held that although the owner of car No. 1 was not a party in the first action brought by his employee driver, he was entitled to raise the defense of res judicata, even though, had his driver employee lost in the first action, the owner would not have been bound by that decision.
The implication that may be drawn from that decision is that a driver owner is not in privity by virtue of that relationship alone. If they were, then irrespective of the result in the first action, the owner of ear No. 1 would have been bound. It is precisely because they are not in privity, that the court was compelled to discuss the application of the rule of mutuality of estoppel.
However, where the doctrine of res judicata and estoppel is involved, courts have extended the term “privy” to include relationships not originally embraced in it. (Haverhill v. Inter *605 national Ry. Co., supra.) That this is the case is reflected in the definition of a privy in section 83 of the Be statement of Judgments. “ The word ‘ privy ’ includes those who control an action although not parties to it ’ ’.
In Carmody-Wait (N. Y. Practice, vol. 7, § 233, p. 496) the text writer states: “ The strict rule that a judgment is operative, under the doctrine of res judicata, only in regard to parties and privies is sometimes expanded to include as parties or privies a person who is not technically a party to a judgment, or in privity with a party, but who is, nevertheless, connected with it through his interest in the prior litigation and by his right to participate therein.” (See Ashton v. City of Rochester, 133 N. Y. 187.)
Numerous cases in New York have held that where a person had the right to control the conduct of the litigation and appeal from the judgment, he could be estopped from relitigating the issues, even though he was not a party or a privy to the prior suit. (Fish v. Vanderlip, 218 N. Y. 29 [1916]; Goldfarb v. C. & K. Purchasing Corp., 170 Misc. 90 [Supreme Ct., App. Term, 1st Dept., 1939]; Castle v. Noyes, 14 N. Y. 329 [1856]; Cipperly v. Link, 135 Misc. 134 [Supreme Ct., Rensselaer County, 1929].)
An excellent definition of the rule is stated in Hartford Acc. & Ind. Co. v. First Nat. Bank (281 N. Y. 162, 167-168 [1939]): ' ‘ A generally accepted statement of the rule in question may be abridged as follows: ‘ When a person is responsible over to another, either by operation of law or by express contract " * * and he is duly notified of the pendency of the suit and requested to take upon him the defense of it, he is no longer regarded as a stranger, because he has the right to appear and defend the action, and has the same means and advantges of controverting the claim as if he was the real and nominal party upon the record. In every such case, if due notice is given to such person, the judgment, if obtained without fraud or collusion, * * * will be conclusive against him, whether he has appeared or not.’ * * * This rule operates only against persons tuho will be directly responsible 'iover to the person first sued should judgment go against him.” (Emphasis supplied.)
To come within the meaning of this rule, liability between the parity sought to be estopped and the party in the prior suit, must be conceded. (New York Title & Mtge. Co. v. Title Guar. & Trust Co., 187 App. Div. 537, 540 [1st Dept., 1919].)
It is apparent that for purposes of res judicata, i.e., of bringing an end to litigation, the concept of privity has been *606 expanded. However, the other conflicting rule of public policy, which requires that every person have a fair hearing, demands that the relationship be something more than a mere interest in proving or disproving the same facts. (Haverhill v. International Ry. Co., supra.)
In the instant case, plaintiff, as operator of the automobile is primarily liable for damage resulting from her negligence. (Parness v. Halpern, 257 App. Div. 678 [2d Dept., 1939].) Her liability over to the owner comes about by operation of law. Therefore, had Basil Willsey, in the prior consolidated actions, ‘ ‘ vouched in ’ ’ the plaintiff, or offered to her control of the litigation, with the attendant right to adduce testimony, cross-examine witnesses, and appeal from the judgment, then Sandra Willsey would be, for purposes of estoppel, in privity with Basil Willsey.
Upon the papers before this court, there is no evidence that control of the lawsuit was offered to Sandra Willsey. The fact that she was a material witness is insufficient to render the judgment binding on her. (Cipperly v. Link, supra; Goldfarb v. C. & K. Purchasing Corp., supra.) The fact of her attorney’s appearance and examination of certain witnesses is insufficient participation in the prior lawsuit. (Davies v. Stumpf, 262 App. Div. 499, affd. 288 N. Y. 702, 704 [1942].)
It is in the furtherance of the policy decision to limit litigation that the courts have extended the concept of privity as far as they have. However, the requirements of due process still demand that a person be given their day in court. The doctrine of oollaetral estoppel is “ elusive and difficult to apply case by case but it is essentially a rule of justice and. fairness.” (Commissioners of State Ins. Fund v. Low, 3 N Y 2d 590, 595 [1958], supra.)
This court is of the opinion that justice and fairness, in the instant case, require that Sandra Willsey be given her day in court. Although an attempt was made to consolidate Sandra Willsey’s cause of action with the others, which was denied, she could have been made a party or brought into this action as an additional party prior to trial by the defendants in then-cause of action. It was within their power to settle the entire controversy in one litigation. It would be unfair to conclude this plaintiff by denying her the right to a day in court.
The motions are, accordingly, denied.