In the Matter of the Claim of JAMES O'GRADY, Respondent, against FIDELIO BREWERY, INC., and INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal from an award by the State Industrial Board for thirteen and three-fifths weeks of disability covering the period from August 1, 1938, to November 3, 1938. The employer was engaged in the business of conducting a brewery and the claimant was employed as a worker in the brewery house. On July 30, 1938, while engaged in his regular occupation within the premises of the employer, and while proceeding to the washroom maintained by the employer, the claimant tripped and fell on the stairs leading thereto and as a result received the injuries which resulted in the award. Claimant was an all around man. Claimant ordinarily would have finished his work at about four-thirty. The accident happened at five-fifteen. It is the contention of the appellant that the claimant was loitering on the premises and, therefore, that the accident did not arise out of and in the course of the employment. The evidence fully sustained the award appealed from. Award unanimously affirmed, with costs to the State Industrial Board.

In the Matter of the Claim of GRACE E. RUTTENBUR, Respondent, against CHAUTAUQUA STORAGE & TRANSFER CO., INC., and JAMESTOWN MUTUAL INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant sustained a right inguinal hernia in 1928. After being fitted with a truss, furnished by the same employer and carrier, he worked until 1938, when he received a further injury which caused a left inguinal hernia, making necessary an operation, from the effect of which he died. Award unanimously affirmed, with costs to the State Industrial Board.

In the Matter of the Claim of ALFRED GOTTI, Appellant, against ALFRED J. ANTHONY, Doing Business as SUNSHINE ROOFING COMPANY, Respondent. STATE INDUSTRIAL BOARD, Respondent.— Claimant was injured August 8, 1936, when he fell from the scaffold while he was putting shingles on a house. The only question presented is whether the claimant was an independent contractor or an employee. The evidence is sufficient to support and justify the finding of the Board that the claimant was an independent contractor. Decision unanimously affirmed.