In the Matter of the Claim of PAUL W. CLAWSON, Appellant, against L. E. CLEGHORN and LIBERTY MUTUAL INSURANCE COMPANY, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Claimant was employed as owner and driver of a truck by the employer, respondent, then engaged in the business of bridge and road construction. While repairing a hoist on his dump truck, some part of the hoisting apparatus broke, causing the body of the truck to fall on claimant, as the result of which he suffered injuries and for which claim for compensation is made. The State Industrial Board found that all repairs to the truck were to be made on the time of the employee at his expense and that he was not to be paid for his personal services unless he was actually employed, in which case he was to be paid by the hour. There is substantial evidence to support the findings and decision of the State Industrial Board that the accident and the resultant injuries did not arise out of and in the course of claimant's employment, and the decision should be affirmed. Decision unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

In the Matter of the Claim of MILDRED REYNOLDS, Respondent, against OSWEGO FALLS CORP. and LIBERTY MUTUAL INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant was employed as a machine operator and her working hours were from 2:30 in the afternoon to 10 o'clock at night. From 6:30 P. M. to 7:00 P. M. she had time out for lunch, which she ate on the employer's premises. While returning from lunch, and before resuming work, she weighed herself upon two different sets of scales which stood in the shipping room, and on the last set she fell and injured herself. It has been found that the accident arose out of and in the course of her employment. We think claimant's act of weighing herself, under all of the circumstances disclosed, was a casual and reasonable incident of her employment. (*Matter of Wickham* v. *Glenside Woolen Mills,* 252 N. Y. 11; *Matter of Leonbruno* v. *Champlain Silk Mills,* 229 N. Y. 470.) Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

In the Matter of the Claim of CONCETTA FLORIO (ROMOLO FLORIO, Deceased), Appellant, against DELBALSO CONSTRUCTION Co. and THE STATE INSURANCE FUND, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Claimant was regularly employed in West Virginia. The compensation law of that State applied rather than that of New York State. Decision unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.