ALETHIA JONES, Respondent, *v.* HERBERT EQUITIES, INC., Defendant, and MAX WEINSTEIN, Doing Business as H & W GRILL, Appellant.

Supreme Court, Appellate Term, First Department, January 18, 1946.

*Francis M. Greene* for appellant.

*Samuel Becker* and *Sydney Snitow* for respondent.

*Per Curiam.* The court below, in our opinion, was warranted in the finding as fact that the accident did not arise out of and in the course of the employment and was due to negligence on the part of the employer. The employee sued the employer for the personal injuries sustained due to the latter's negligence and has recovered as damages a larger amount than could be awarded as workmen's compensation. It is recognized that where the facts clearly bring the case within the purview of the Workmen's Compensation Law, the employer as well as the employee is entitled to the benefit of the statute. Basically, however, the statute was adopted for the benefit of workers to give them and their dependents compensation from the employer and the business, as part of the expense of the latter and of the productive cost, and the risk was regarded as social. Previously, the right of recovery by a worker arose solely from a breach of the master's duty as to care and safeguards and was limited by contractual relationship, assumption of the risks of employment and contributory negligence. These

hazards prevented recovery in many worthy cases and the injured and dependent were required to seek as charity what they seemed to be entitled to as of right. Undoubtedly, liberal construction of the statute to effectuate its beneficent purposes should be given to enable the injured employee to obtain compensation from the employer for injuries sustained in the course of employment in borderline cases. Nevertheless, we think this employee is entitled to such liberal construction under the circumstances here as will sustain the recovery and judgment in her favor below.

The judgment should be affirmed, with costs.

SHIENTAG, J. (dissenting). Plaintiff, an employee, has recovered damages in an action for negligence against the defendant, her employer, for accidental injuries received at the employer's place of business. The sole ground of the defendant's appeal is that the accident arose out of and in the course of employment and came under the provisions of the Workmen's Compensation Law.

On this appeal we are bound by the findings of the court below as to how the accident occurred and must accept the plaintiff's version of what took place. She was a waitress and cashier in the defendant's restaurant; her working hours were from 8:00 A.M. to 5:00 P.M. with an hour for lunch and she received a salary of $20 a week.

The account of the accident may best be given in plaintiff's own language: " I was finished at 5 o'clock. I went downstairs (to the basement where lockers were provided for the employees) to get dressed; I got dressed and came upstairs and just as I got upstairs Mr. Weinstein (the defendant, her employer) and Roy, one of the employees, were standing there talking, so they started talking to me, so I stood there a few minutes talking to them, and Mr. Weinstein said to me ' I think you had better go home now ' so then I remembered I had asked someone to loan me some money because I didn't want to take up any money on my week's pay and I went downstairs; I started downstairs and that's when I fell." The lower court's finding was " that the plaintiff tarried at the (cashier's) desk for a few minutes and then bethought herself of returning to the basement in order to borrow some money from another fellow employee who was in the basement at the time; that the plaintiff was starting to descend the steps leading to the basement, slipped and fell due to the negligent condition which consisted of grease and dirt on the top step." The accident

occurred at about 5:15 P.M. on the premises of the employer on the stairway, used exclusively by the employees of the restaurant, which led to the basement where the clothes of the employees and the supplies for the restaurant were kept.

The learned court below found that although the accident occurred before the plaintiff had left the premises of her employer, it happened after working hours while she was engaged on a personal errand of her own. Because of those circumstances the court held that at the time the accident occurred, the plaintiff must be deemed to have abandoned her employment. That holding I believe to be erroneous.

If this accident had happened before five o'clock the decisions indicate that the Workmen's Compensation Law would apply. The visit of the plaintiff to a fellow employee to borrow some money rather than to ask for an advance on her wages would be treated, not as an abandonment of employment, but as an unsubstantial deviation. It would be regarded as a natural and reasonable incident of her employment. Many acts, which in a sense are performed by an employee for his own purposes; are, nonetheless, those which he is deemed free to do in the course of his employment.

We have traveled a long way in the judicial holdings on the subject of abandonment of employment since the decision in *Matter of Di Salvio* v. *Menihan Co.* (225 N. Y. 123 [1919]). In that case the claimant was in the employ of a concern which was engaged in the manufacture of shoes. His duties were to mark the soles with a rubber hand stamp. At the time of the accident claimant had crossed the room in which he was working to bid goodbye to a fellow employee who had been drafted. While leaning on the bench connected with the splitting machine which was being operated by this fellow employee, claimant's right arm was caught in an unguarded cogwheel and he sustained the injuries for which an award of compensation was made. This award was affirmed by the Appellate Division of the Third Department (184 App. Div. 922) but, by a divided court, the Court of Appeals reversed and held that the accident did not arise out of and in the course of employment. The court held that the claimant had abandoned his employment; that the personal errand which took him from a place of safety to one of danger was not a natural or reasonable incident to his work.

While this case has never been expressly overruled, subsequent decisions have, in effect, rejected and repudiated its reasoning. In *Matter of Wickham* v. *Glenside Woolen Mills*

(252 N. Y. 11 [1929]) an employee, in the performance of his duties, carried certain articles from one room to another; on his way back he stepped a few feet out of his direct course to ask a fellow employee for a chew of tobacco, and on leaving, stepped on a greasy floor and fell and received injuries. It was held that the accident was covered by the Workmen's Compensation Law. The court, in a *Per Curiam* opinion, referring to the *Di Salvio* case (*supra*, p. 13), said: " Whether the principle invoked in that case was properly applied, we do not need to consider. Enough for present purposes that the claimant now before us did nothing that might not reasonably be expected of one in his position. The ruling in the *Di Salvio* case will not be extended to the situation here disclosed."

In *Matter of Oram* v. *Moon Co.* (285 N. Y. 42) an employee had attended a business luncheon. At its conclusion she walked a short distance to a bank where she made a personal deposit. She then proceeded to return to her place of employment; but because of her personal errand, she walked on the east side of Broadway (where the accident happened), instead of the west side which would have been the direct way. The Appellate Division reversed the award made by the Industrial Board (260 App. Div. 822). This ruling was, in turn, unanimously reversed by the Court of Appeals. That court, per LEWIS, J., said (p. 46): " We regard it as too narrow a view of the problem to hold, as has the Appellate Division, that the claimant's injuries were noncompensable because she met with accidental harm while returning from a business luncheon to her employer's office on the west side of Broadway by a course which led along the *east* side instead of the *west* side of that thoroughfare. We find no proof from which an inference may fairly be drawn that at the time and place of her injuries the claimant had temporarily abandoned her employment."

In *Matter of Reynolds* v. *Oswego Falls Corp.* (264 App. Div. 965) the employee, while returning from lunch on her employer's premises and before resuming work, weighed herself upon two different sets of scales which were in the shipping room. She fell and injured herself on the second scale. It was held that claimant's act in weighing herself was a casual and reasonable incident of her employment.

In *Matter of Monaco* v. *Kesselman's Baby Stores, Inc.* (240 App. Div. 930), claimant, while procuring her coat, was bitten by a dog which was tied in the room where her coat was hanging, when she attempted to play with the dog. She was awarded compensation.

In *Matter of Schneider* v. *Masback Hardware Co.* (260 App. Div. 823) claimant was injured while passing a metal tag, in the spirit of fun, through a grating to a fellow employee in an elevator. The accident, it was held, was covered under the Workmen's Compensation Law.

In *Matter of Carroll* v. *Stokes Co.* (238 App. Div. 886) the employee fell while walking to the elevator of the employer to ask the operator to convey a message to a personal friend. The accident was held to be compensable. (See, also, the following cases which, while not analogous, suggest the liberal attitude of the courts in so interpreting the workmen's compensation statute as to extend its coverage to acts which strictly seem to be outside the prescribed and ordinary lines of duty: (*Martin* v. *Metropolitan Life Insurance Co.*, 197 App. Div. 382, affd. 233 N. Y. 653; *Matter of Van Buren* v. *Vener Trucking Corp.*, 258 App. Div. 1016; *Matter of Derby* v. *International Salt Co., Inc.*, 233 App. Div. 15; *Matter of Kenney* v. *Lord & Taylor, Inc.*, 254 N. Y. 532; *Matter of Leonbruno* v. *Champlain Silk Mills*, 229 N. Y. 470; *Springer* v. *North*, 205 App. Div. 754; *Matter of Moscon* v. *Thomford*, 260 N. Y. 578; *Matter of Pedersen* v. *Nelson*, 267 App. Div. 843).

In the light of the foregoing authorities it would serve no useful purpose to resort to phantom distinctions in interpreting a great remedial statute, and to continue to treat *Matter of Di Salvio* v. *Menihan Co.* (225 N. Y. 123) as still representing the law of this State. Employees are not machines whose operation can be sharply limited and defined and set to do exactly the work prescribed for them. They are human beings with the needs, the desires, and the frailties commonly associated with human beings and recognized as natural incidents of their employment.

The fact that the accident occurred about fifteen minutes after the close of the working day, but before the employee had left the premises, does not change the legal situation. Employment does not commence and end at the precise moment when an employee is supposed to start and end his actual work. It includes a reasonable time in which to leave his work. To tarry for a few moments talking to an employer (particularly where the conversation was initiated by the employer) does not constitute an abandonment of employment. If the employee had recalled her oversight before she reached the top of the stairway and, while retracing her steps to the locker room, had fallen, her accident would have been compensable. The fact that she did not recall that she had intended to borrow some

money from another employee until a few minutes later while talking to her employer, and had advised him of this and returned to the basement without any objection on his part, should not change the legal status. Clearly, if she had forgotten a book or her purse or an article of wearing apparel and returned to the basement, it could not be said that she had temporarily abandoned her employment; so, too, if she had gone back to obtain a parcel which she had intended to take home but had forgotten in the locker room.

The case below was decided on an erroneous application of the law and not on any disputed issue of fact. On the plaintiff's version of the accident and on any reasonable inferences to be drawn therefrom, there was no abandonment of employment. The accident occurred by reason of a hazard or risk of the employer's premises, common to all of the employees and not because of any personal act of the plaintiff (*Matter of O'Grady* v. *Fidelio Brewery, Inc.*, 257 App. Div. 880).

The judgment below should be reversed and the complaint dismissed on the merits, with costs.

HAMMER and HECHT, JJ., concur in *Per Curiam* opinion; SHIENTAG, J., dissents in opinion.

Judgment affirmed.