ZELMA E. CALLAHAN, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30518.)

Court of Claims, October 8, 1951.

*Lawrence M. Rulison* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Joseph A. Drago* of counsel), and *Stanley Carter* for defendant.

GORMAN, J. Claimant Zelma E. Callahan, a stenographer in the employ of the New York State Fair Office, Onondaga County, New York, was injured en route to Albany while a passenger in a State-owned vehicle driven by George E. Mireault, a State auditor in the Department of Audit and Control, on loan to the State Fair Office.

The claimant, who was entitled to certain compensatory time, had requested and received permission from her superior, the senior administrative assistant of the New York State Fair, to leave early Friday, October 21, 1949, in order to take a noon train to visit her sister in New York City. It subsequently developed that Mr. Mireault was driving to his home in Rens-

selaer, New York, in a State-owned station wagon used at the fair grounds which he had driven to his home on previous week ends. Claimant received permission from her employer to ride to Albany in the station wagon providing "it looked like it would be official business." Witnesses for the State testified that Miss Callahan was to call at the office of Edwin F. Kerwin, administrative finance officer in the Department of Agriculture and Markets, to check certain vouchers forwarded in connection with a recent fire at the fair grounds.

Claimant and Mr. Mireault left Syracuse at about 12:15 P.M. and the accident occurred near Cherry Valley, New York, at approximately 3:00 P.M., due to the unquestioned negligence of Mr. Mireault.

No basis is found for the State's objection to the sufficiency of the claim on the ground of lack of verification. The claim is typewritten and an affidavit of verification, subscribed by the claimant and acknowledged by a notary public on October 16, 1950, appears on the cover of the claim in compliance with section 11 of article II of the Court of Claims Act and rule 9 of the Rules of the Court of Claims. The State also claims that at the time of the accident claimant was in its employ, and being insured under the provisions of the Workmen's Compensation Law, was exclusively relegated to the provisions of that act.

In order for the provisions of the Workmen's Compensation Law to be controlling, as urged by the State, in the present situation, claimant's injuries must have arisen both "out of" and "in the course of" her employment. (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148; *Matter of Littler* v. *Fuller Co.*, 223 N. Y. 369.) To bring claimant's trip within the scope of her employment, it must have been a necessary incident to her work. Claimant does not fall into that category encompassing traveling salesmen, or those whose work involves exposure to the perils of the street, nor is there any persuasive evidence that transportation was included in any part of her contract of employment. (*Matter of Christiansen* v. *Hill Reproduction Co.*, 262 App. Div. 379; *Matter of Chetney* v. *Manning Co.*, 273 N. Y. 82; *Matter of Kowalek* v. *New York Cons. R. R. Co.*, 229 N. Y. 489; *Arnold* v. *Wright*, 80 N. Y. S. 2d 808.)

Claimant was a stenographer employed on a temporary basis. In making out vouchers and other forms, she "worked under instructions." Although she was undoubtedly familiar with certain details of the vouchers from her contact with them, there is no convincing proof that in the ordinary course of her work,

claimant would have been sent to Albany to explain the contents of such vouchers to the administrative finance officer in the Department of Agriculture and Markets. Claimant had never before been sent to Albany, nor had she ever been sent out-of-town in connection with her duties. There were other State employees connected with the State Fair Office better qualified than the claimant to perform such an undertaking.

It is our belief that when claimant entered the State-owned station wagon en route to Albany she did not do so in the scope of her employment as a stenographer attached to the State Fair Office in Solvay, New York, but was permitted to so ride as a personal accommodation to herself. "Where the employer gives the employee a ride merely as a matter of accommodation, the ride is a gratuity and not a part of the employment." (*Green* v. *Travelers Ins. Co.,* 286 N. Y. 358, 362.) The claimant is, therefore, not barred by the provisions of the Workmen's Compensation Law from pursuing her common-law action in negligence. (*Tallon* v. *Interborough R. T. Co.,* 232 N. Y. 410; *Jones* v. *Equities, Inc.,* 186 Misc. 163, affd. 270 App. Div. 922.)

The State is liable for negligence in the operation of a State-owned vehicle in its business "or otherwise, by any person legally using or operating the same with the permission, express or implied " of the State. (*Adams* v. *State of New York,* 269 App. Div. 482; Vehicle and Traffic Law, § 59.) Mr. Mireault used and operated the station wagon herein involved with express permission and approval, and the State must answer for his negligence in its operation.

Claimant suffered a fractured nose and lacerations of the face and head resulting in a deviation of the nose to the left, and several permanent scars on her face and forehead. She was hospitalized, incapacitated from work, incurred hospital and medical expenses, and suffered loss of wages. She was guilty of no negligence which caused or contributed to the accident in which she was involved.

Claimant is entitled to an award against the State of New York in the amount of $1,800.

The foregoing constitutes the written and signed decision upon which judgment may be entered and it is, therefore, unnecessary to pass upon the proposed findings of fact and conclusions of law. (Civ. Prac. Act, § 440.)