**NINETEENTH SEED COMPANY and Central Surety and Insurance Corporation, Petitioners,**

**v.**

**Vernon L. TOWNSEND and the State Industrial Court, Respondents.**

**No. 40456.**

Supreme Court of Oklahoma.

July 21, 1964.

Robert E. Shelton, of Savage, Gibson, Benefield & Shelton, Oklahoma City, for petitioners.

Welch & Dudley, Madill, Charles R. Nesbitt, Atty. Gen., for respondents.

JOHNSON, Justice.

The claimant, Vernon Townsend, was an employee of the Nineteenth Seed Company of Oklahoma City, engaged in driving a truck. In connection with a project of his employer, he was operating his truck in Wichita Falls, Texas. His hours of labor terminated at 5:00 p. m. On the day in question, September 9, 1961, he was permitted by his foreman to quit work at 4:00 p. m. in order to meet his wife. It was some distance from the point of the work to the bus line which claimant desired to take. One of the other employees who had a company truck started out with claimant to take him to the bus. At a point about two and a half miles from the starting point, an automobile collision occurred, and claimant was injured. There was a dispute in the evidence as to whether the truck driver had been told to take claimant to the bus, or whether the truck driver did this voluntarily. The collision occurred before 5:00 p. m., the period of time for which claimant was paid wages by the employer.

The Industrial Court determined that this injury arose out of and in the course of claimant's employment and made an award for the injuries sustained in the collision. This original action to review such award was commenced by the seed company.

Only one contention is urged by the petitioner, namely: The State Industrial Court erred as a matter of law in sustaining the award because there is no competent evidence tending to show that the injury complained of arose out of and in the course of claimant's employment.

The record discloses that the injury occurred during the claimant's working hours, for which time the seed company paid him; that the truck in which claimant was riding was owned by the employer and was driven by an employee of the employer, seed company.

█ The Industrial Court appears to have found that the truck was to take claimant to the bus line under orders from the foreman. This finding, made on disputed evidence, will not be disturbed by this court, and is therefore accepted as true.

The evidence shows that the object of the trip was for the personal accommmodation of claimant and not to accomplish any work of the employer, seed company. There is no evidence in the record that the seed company had agreed to furnish or had actually furnished to claimant transportation to and from work.

The question for our determination is: Did the injury incurred arise out of and in the course of claimant's employment?

█ The two qualifications set forth in the statute 85 O.S.1961 § 1 et seq. "arise out of" and "in the course of employment" are in the conjunctive; hence the qualification imposed by each must exist in all cases. These have been defined by this court. In the case of Oklahoma Gas & Electric Co. et al. v. Stout et al., 179 Okl. 312, 65 P.2d 477, we defined the requirement of each of these phrases. We said:

"As used in the Workmen's Compensation Law of this state (St.1931, §

13348 et seq.) the terms "arising out of" and "in the course of" are not synonymous, but are conjunctive terms; the words "out of" referring to the origin and cause of the action, and the words "in the course of" to the time, place, and circumstances under which it occurred. Indian Territory Illuminating Oil Co. et al. v. Lewis et al., 165 Okl. 26, 24 P.(2d) 647."

As far as the first of these phrases is concerned, the facts are self-explanatory. The origin of the accident is readily apparent. It was not something connected with the objectives of the company.

Coming now to the second requirement, this court has said in numerous cases that an accident "arises out of employment" when it is apparent from a consideration of all the circumstances that a causal connection exists between the work required and the resulting injury. See cases cited under █ Workmen's Compensation, 14 Okl. Dig. In this instance, the claimant had quit work for the day, was engaged in his own enterprise, with no thought in mind to accomplish any objective for the employer. The only facts presented by claimant to offset this conclusion are that the accident occurred on company time and while claimant was in the company truck. We are not in agreement with this argument.

█ In the first place, this court is committed to the general rule that injuries incurred going to or from work do not arise out of and in the course of employment. Governair Corp. v. District Court of Oklahoma County, Okl., 293 P.2d 918; Weatherbee Electric Co. v. Duke, Okl., 294 P.2d 298; Janger Produce Co. v. Lee, Okl., 304 P.2d 285; Anderson Construction Co. v. Franklin, Okl., 315 P.2d 785; McMurtrey v. American Association of Petroleum Geologists, Okl., 383 P.2d 215.

An exception may be found when as an incident of the employment the employer is bound to furnish transportation. See McGeorge Corporation v. State Industrial Commission, 180 Okl. 346, 69 P.2d 320.

But no such condition exists here. This employer was under no obligation to furnish transportation. The proper rule is set forth in the headnote in 99 C.J.S. Workmen's Compensation § 235a, pg. 834, as follows:

"Injury to an employee while being transported to or from work by means provided by his employer as an incident of the employment is held compensable; but in the absence of an agreement requiring the employer to furnish transportation, injury during transportation in a conveyance of the employer is held not compensable."

The present case does not come within the above rule, but is comparable to the situations set forth in the following:

"Where an employer, without agreement as to transportation conveys his employee to or from place of work merely as an act of courtesy, an accident occurring during journey is not covered by compensation act. Watson v. Grimm, 90 A.2d 180, 200 Md. 461.

"Where employer gives employee a ride merely as matter of accommodation, such ride is a gratuity and not part of employment. Green v. Travelers Ins. Co., 36 N.E.2d 620, 286 N.Y. 358. Callahan v. State, 107 N.Y.S.2d 319, 201 Misc. 378.

"The transportation must be furnished not as an independent act of courtesy, but as an actual incident appertaining to the employment. Northwestern Pac. R. Co. v. Industrial Acc. Commission, 166 P.2d 334, 73 C.A.2d 367."

The transportation furnished here was entirely gratuitous to the claimant. The injury incurred did not arise out of and in the course of claimant's employment.

Award vacated.

HALLEY, V. C. J., and DAVISON, WILLIAMS, JACKSON and IRWIN, JJ., concur.