■ CECIL DUVERNEY, Appellant, v STATE OF NEW YORK et al., Respondents. (Claim No. 60332.)—Appeal from that part of an order of the Court of Claims, entered December 11, 1978, which denied claimant's motion for summary judgment. Claimant obtained a judgment in the United States District Court for the Eastern District of New York against Vincent Prajka, a patrolman employed by the Long Island State Park and Recreation Commission, for the sum of $950,000 in compensatory damages and an additional $250,000 in punitive damages. That action, brought pursuant to section 1983 of title 42 of the United States Code, sought monetary relief for the deprivation of constitutional rights stemming from Prajka's excessive use of force in arresting claimant on April 14, 1976. The circumstances of that incident need not be detailed in resolving the issues presented on this appeal. It suffices to say that the arrest was for an alleged violation of the Vehicle and Traffic Law, and that it triggered an altercation in which claimant sustained serious and permanent personal injuries. The question developed on this appeal is whether claimant can prevail on a motion for summary judgment against the State of New York through the offensive use of the doctrine of collateral estoppel based on the judgment awarded in the prior Federal action. We agree with the Court of Claims in concluding that he cannot. The State was not a party to the action in Federal court, nor did it control the litigation. Although initially named as a party, the State successfully moved to dismiss the complaint against it for lack of jurisdiction, and it also declined to represent the individually named defendant police officers (see Public Officers Law, § 17, subd 2, par [b]). Accordingly, since the State has not had a full and fair opportunity to present its position and litigate the issue of whether it may be held responsible for Prajka's conduct, the doctrine of collateral estoppel may not be applied (cf. *Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 486; *Frolish v Ryder Truck Rental,* 63 AD2d 799). Moreover, as indicated, the action in Federal court was founded on a violation of claimant's civil rights, whereas the causes of action now pursued in the Court of Claims are for assault and battery, false arrest and imprisonment, and malicious prosecution. A single event may provide grounds for separate lawsuits, but the factual predicates needed to establish liability are not necessarily the same. In addition, while we do not reach the question, we seriously doubt that the provisions of section 1983 of title 42 of the United States Code were meant to be supplementary to a claimant's State remedies to the extent they would allow a double recovery for the same injuries (cf. *Spiegel v School Dist. No. 1, Laramie County, Wyo.,* 600 F2d 264). Order affirmed, without costs. Kane, J. P., Staley, Jr., Mikoll, Casey and Herlihy, JJ., concur.