(August 11, 1988)

■ CAROLE COHEN, Respondent, v U.S. LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK et al., Appellants.—Order of the Supreme Court, New York County (Edward Lehner, J.), entered on August 14, 1987, which, *inter alia,* denied defendants' motions to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, reversed, on the law, the motions granted and the complaint dismissed, without prejudice to filing a new complaint, and without costs.

Plaintiff-respondent Carole Cohen brought this action seeking to recover the proceeds of several life insurance policies insuring the life of her husband, Philip Cohen. On March 10, 1980, Philip Cohen left his home in Manhattan and failed to keep scheduled appointments in New Jersey. Plaintiff testified in a Surrogate's Court proceeding that in May of 1980 she was informed that her husband had been hospitalized in Los Angeles, and that she visited him there and he informed her that he had been beaten up. She last heard from him in July of 1980. She testified that he had agreed to keep in touch with her and did call her at least twice after leaving the hospital. She allegedly last heard from him in July 1980, although she testified in a deposition on September 8, 1982, that the last time she saw her husband was the morning of March 10, 1980.

Plaintiff alleges that Philip Cohen had at one time been an officer in a union controlled by organized crime. He allegedly had authority over the administration of pension funds and was privy to information relating to the existence of bank accounts both in the United States and abroad. He allegedly had been accosted outside his apartment and threatened with physical harm if he did not provide information. According to plaintiff, he went into hiding but agreed to communicate regularly with her.

The first complaint filed by plaintiff in Supreme Court, dated August 23, 1983, was dismissed by order entered January 31, 1984, pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The dismissal was without prejudice. In the court's memorandum decision, Justice Cohen held that though the pleadings adequately allege that Philip Cohen was exposed to a specific peril, "looking behind the pleadings and even accepting as true plaintiff's assertions as to the specific peril Cohen faced" the alleged threats from organized crime figures did not constitute a "specific peril" within the intendment of EPTL 2-1.7 (a) (1), as a matter of law, and therefore, plaintiff failed to state a cause of action. The court also noted that

plaintiff had failed to allege that a diligent search had been conducted for Mr. Cohen as required by EPTL 2-1.7. The memorandum decision stated that plaintiff's alleged decedent had been indicted by a Federal Grand Jury on June 25, 1980, on 33 counts of fraud and that a warrant had been issued for his arrest on July 25, 1980. No appeal was taken from this order. In our view, since Justice Cohen went beyond the face of the pleadings and considered evidentiary submissions, the finding that Philip Cohen was not exposed to a specific peril is the law of the case. (See, Guggenheimer v Ginzburg, 43 NY2d 268, 275; Tenzer, Greenblatt, Fallon & Kaplan v Capri Jewelry, 128 AD2d 467.)

Carole Cohen brought a petition sworn to on July 1, 1985, in Surrogate's Court, New York County, seeking both the probate of Philip Cohen's will and a declaration of death pursuant to EPTL 2-1.7 (a). Previously, Carole Cohen had brought a petition in Surrogate's Court, seeking temporary letters of administration. That petition was sworn to on March 21, 1980, just 11 days after Philip Cohen's alleged disappearance. Surrogate Lambert, by decree entered May 30, 1986, granted Carole Cohen's petition for a declaration of death pursuant to EPTL 2-1.7 (a) declaring Philip Cohen dead as of July 11, 1980. Two of the insurer defendants-appellants in this action were granted leave to intervene in the Surrogate's Court proceeding, but declined to formally intervene after appearing at a rehearing on the petition. In that proceeding, the Surrogate determined that the Supreme Court order on the prior motion entered by Justice Cohen was "null and void" because the Supreme Court lacked jurisdiction because it did not appoint a guardian for Philip Cohen. In that proceeding the Surrogate stated: "[w]ell, if somebody disappears on January 1, 1980, and nobody sees him for five years, you have to assume that that's the date that he died, rather than picking any date in between. It would seem to me that that's the law."

This appeal is not from the decree of the Surrogate, and the record before the Surrogate is only partially included in the papers submitted on the motion before the IAS court. We note, however, that the Surrogate's decree is defective in two respects. First, she disregarded the holding of Justice Cohen that there was no specific peril. She also disregarded the clear direction of EPTL 2-1.7 (a) when she fixed the date of death at the beginning rather than the end of the five-year period of absence. EPTL 2-1.7 (a) provides that the date a missing person is presumed dead is at the end of the five-year period, unless the absentee is exposed to a specific peril of death. The

Surrogate stated during the rehearing proceedings on December 5, 1986: "[b]ut I did not decide that there was a specific peril of death." That section also requires proof that a diligent search was undertaken, that the alleged deceased has not been seen or heard from, and that his absence is not satisfactorily explained, before death may be presumed. The Surrogate did not adequately address any of the requirements of EPTL 2-1.7.

Respondent served a new complaint dated May 19, 1987, which seeks to compel payment under the policies pursuant to the Surrogate's Court decree declaring Philip Cohen dead as of July 11, 1980.

By order entered August 14, 1987, the IAS court denied motions by certain of defendants respectively to dismiss or for summary judgment, except to the extent of dismissing the claim for punitive damages. The court also held that the prior decision of Justice Cohen was not a bar to this action, that defendant U.S. Life had not established its defense of policy lapse, and that the parties agreed that the complaint be deemed amended to allege a diligent search for Mr. Cohen. While we agree with the IAS court's determination on these three issues, we hold that the Surrogate's Court decree declaring Philip Cohen dead as of July 11, 1980 should not be given collateral effect in this action. In light of the manifest irregularities in the Surrogate's Court proceedings, appellants were not afforded a full and fair opportunity to litigate the factual issues present (*Gilbert v Barbieri*, 53 NY2d 285; *Duverney v State of New York*, 76 AD2d 962), and should not be bound by the Surrogate's clearly erroneous declaration pursuant to EPTL 2-1.7 (a) that Philip Cohen died on July 11, 1980. Upon the trial of a new complaint grounded upon EPTL 2-1.7, appellants are not precluded by the Surrogate's decree from litigating factual issues, including whether Philip Cohen's absence was adequately explained by his Federal Grand Jury indictment. Concur—Murphy, P. J., Sullivan, Rosenberger and Smith, JJ.

Kupferman, J., dissents in part in a memorandum as follows: There is no need to dismiss and replead.

As Judge Lehner indicated in his opinion at the I.A.S. Part denying the motions, for the purpose of those motions now granted by the majority of this court the "defendants consented to the court deeming the complaint to have been amended to contain allegations asserting unsuccessful searches for Mr. Cohen." Accordingly, Judge Lehner granted time to amend the complaint.

It is now more than five years, under any way of looking at it, that Philip Cohen has been absent. EPTL 2-1.7 covers it. The problem of "specific peril" comes into play only if it is sought to show that less than five years should apply. Among other evidence of absence is the report of the guardian ad litem appointed by the Surrogate.

With respect to the contention of the defendant U.S. Life, which argues that its policy lapsed on November 27, 1984, it should be noted that along with defendant Standard Security, U.S. Life sought and was given permission to intervene and appeared in the Surrogate's Court on the issue of the absence by "specific peril" of Philip Cohen. The Surrogate's decree set July 11, 1980 as the date of death.

The only real question is whether Philip Cohen is alive or dead. The defendants contend that he has deliberately disappeared.

To the extent that the majority states there should now be a full hearing on the question, in light of EPTL 2-1.7, I do not dissent, but I see no reason to impose further procedural ramifications.