*489 OPINION OF THE COURT
Francis T. Collins, J.
The motion of the claimant for an order pursuant to CPLR 3212 granting him summary judgment against the defendant upon the liability issue is granted.
This claim arises from a motor vehicle accident which occurred on February 16, 1996 at approximately 7:00 a.m. at the intersection of Farm to Market Road and Pruyn Hill Road in the Town of Halfmoon, New York. Kathleen LeClair, a State employee operating a State-owned vehicle in the course of her employment, was traveling west on Farm to Market Road while claimant was traveling south on Pruyn Hill Road on his way to work. A stop sign controlled traffic on Farm to Market Road.
In addition to the present claim, Mr. Pratt commenced an action against Ms. LeClair in Supreme Court, Saratoga County. On March 3, 1999, Mr. Justice Keniry issued a decision and order in the Supreme Court action granting Mr. Pratt summary judgment upon the liability issue after determining that Ms. LeClair was 100% responsible for the accident in that she failed to yield .the right of way to the Pratt vehicle which failure resulted in the intersection collision. By this motion, claimant seeks summary judgment against the State based upon the res judicata effect of the Supreme Court determination.
Pursuant to Public Officers Law § 17, which provides that the State will indemnify and defend State employees for torts they commit while in the course of employment, Ms. LeClair is being defended in the Supreme Court action by the same Assistant Attorney General defending this claim. The defendant’s opposition to the instant motion consists of an affirmation from the Assistant Attorney General annexing the identical opposition papers submitted to Mr. Justice Keniry.
Since the enactment of section 12-a (now section 8) of the Court of Claims Act (L 1929, ch 467) a person injured by the tort of a State employee acting within the scope of his or her employment, which arises from the breach of a duty owed individually by the State employee directly to the injured party, may bring a direct action against that employee in Supreme Court as well as an action against the State in this court under the doctrine of respondeat superior (Morell v Balasubramanian, 70 NY2d 297). Moreover, when a person is injured through the negligent operation of a State-owned motor vehicle, with section 388 of the Vehicle and Traffic Law imposing vicarious liability upon the State as owner, he or she may sue *490 the State in the Court of Claims (Callahan v State of New York, 201 Misc 378) or the operator in Supreme Court (Bernhard v Faulds, 47 Misc 2d 286). The enactment of Public Officers Law § 17 has not altered the foregoing result (Olmstead v Britton, 48 AD2d 536). The question before the court is whether the determination upon the liability issue in the Supreme Court action should be given res judicata or collateral estoppel effect here.
“Res judicata bars future litigation between the same parties, or those in privity with the parties, of a cause of action arising out of the same transaction or series of transactions as a cause of action that was either raised or could have been raised in a prior proceeding” (Matter of Joy Co. v Hudacs, 199 AD2d 858, 859). “Collateral estoppel applies when the issue in the subsequent action is identical to the issue in the prior action and was necessarily decided on the merits, and the parties had a full and fair opportunity to contest the issue in the prior action” (VOR Assocs. v Ontario Aircraft Sales & Leasing, 198 AD2d 638, 638-639). Collateral estoppel is “a narrower species of res judicata” (Ryan v New York Tel. Co., 62 NY2d 494, 500). In order to invoke the doctrine it must be established that the identical issue was necessarily decided in the prior litigation and the party to be precluded had a full and fair opportunity to litigate the issue in the prior lawsuit (DArata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664). The “party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination, whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action” (Kaufman v Eli Lilly & Co., 65 NY2d 449, 456). When the State waived its immunity from liability through the enactment of section 8 of the Court of Claims Act it implicitly agreed to allow collateral estoppel to be applied to it in the same manner as it would be in actions in Supreme Court against corporations or individuals (Peasley v State of New York, 102 Misc 2d 982, 988). Thus, it is now established that collateral estoppel may be applied offensively in this court to establish the liability of the State (Mulverhill v State of New York, 257 AD2d 735).
Since the State of New York was not a party to the prior action, the critical inquiry is whether the State’s relationship with Ms. LeClair was such as to bind it to the Supreme Court’s determination that she was 100% responsible for the accident. *491 In Matter of Juan C. v Cortines (89 NY2d 659, 667-668), the Court of Appeals stated: “In general, ‘a nonparty to a prior litigation may be collaterally estopped by a determination in that litigation by having a relationship with a party to the prior litigation such that his own rights or obligations in the subsequent proceeding are conditioned in one way or another on, or derivative of, the rights of the party to the prior litigation’ (D’Arata v New York Cent. Mut. Fire Ins. Co., supra, 76 NY2d, at 664; see also, People v Roselle, 84 NY2d 350). This constitutes a form of privity; however, ‘the term privity does not have a technical and well-defined meaning’ (Watts v Swiss Bank Corp., 27 NY2d 270, 277). Rather, it ‘is an amorphous concept not easy of application’ (D’Arata v New York Cent. Mut. Fire Ins. Co., supra, at 664), and ‘includes those who are successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and possibly coparties to a prior action’ (Watts v Swiss Bank Corp., supra, 27 NY2d, at 277). Importantly, ‘all the circumstances must be considered from which one may infer whether or not there was participation amounting to a sharing in control of the litigation’ (id.).”
There are three potential bases upon which the rights of the State in this litigation may be conditioned upon dr derivative of the rights and obligations of Ms. LeClair in the Supreme Court action. First, pursuant to section 388 of the Vehicle and Traffic Law the State as the owner of the vehicle operated by Ms. LeClair is liable for any injuries caused to claimant by Ms. LeClair’s negligence. Second, under the doctrine of respondeat superior the State is liable for the negligence of Ms. LeClair occurring in the course of her employment. Third, pursuant to section 17 of the Public Officers Law, the State has a conditional obligation to defend Ms. LeClair in the Supreme Court action and indemnify her for any damages for which she is found liable to the claimant. An examination of those relationships is necessary to determine if the State should be estopped from contesting liability as a result of Mr. Justice Keniry’s ruling.
Section 388 of the Vehicle and Traffic Law does not create a relationship of privity between a vehicle owner and operator for the purpose of res judicata or collateral estoppel (Molino v County of Putnam, 29 NY2d 44; Willsey v Strawway, 44 Misc 2d 601, affd 22 AD2d 973). However, the absence of technical privity is not dispositive. In the case of B. R. DeWitt, Inc. v Hall (19 NY2d 141), the owner of a truck brought an action for property damages against a defendant previously found liable *492 to the truck’s operator for personal injuries sustained in the accident. The issue before the Court of Appeals was whether res judicata treatment would be given to the prior ruling. The Court of Appeals, while noting that the owner and operator did not stand in a strict relationship of privity, nonetheless held (at 148) that the prior action would be accorded res judicata treatment for the following reasons: “In this case, where the issues, as framed by the pleadings, were no broader and no different than those raised in the first lawsuit; where the defendant here offers no reason for not holding him to the determination in the first action; where it is unquestioned (and probably unquestionable) that the first action was defended with full vigor and opportunity to be heard; and where the plaintiff in the present action, the owner of the vehicle, derives his right to recovery from the plaintiff in the first action, the operator of said vehicle, although they do not technically stand in the relationship of privity, there is no reason either in policy or precedent to hold that the judgment in the Farnum case is not conclusive in the present action.”
While the primary effect of the DeWitt decision (supra) was to authorize the offensive use of a prior judgment, its discussion of the relationship between a party and a nonparty justifying the application of concepts of estoppel in a later proceeding is equally instructive in circumstances where the liability of a defendant is derivative of the liability imposed in a prior action. In DeWitt, the nonparty plaintiff owner’s right to recovery derived from the recovery secured by the plaintiff operator in the first action. The mirror image exists here as the defendant owner’s liability derives from the defendant operator’s liability as determined in the Supreme Court action (Perry v Costa, 97 AD2d 655, affd 62 NY2d 630; State of New York v Popricki, 89 AD2d 391).
The issue framed by the pleadings in this court is no different or broader than that decided by Mr. Justice Keniry. Defense counsel has not advanced any valid reason why the State should not be held to the determination of liability made in the Supreme Court action. Moreover, the State has entirely failed to sustain its burden of establishing the lack of a full and fair opportunity to litigate the issue of fault in the Supreme Court action. Finally, claimant’s right to recover from the State of New York is also derived, in part, through the operation of section 388 of the Vehicle and Traffic Law due to the negligence of the operator of the State vehicle (see, Callahan v State of New York, 201 Misc 378, supra). This court can discern no *493 valid reason in precedent or policy for not according res judicata treatment to the judgment rendered upon the liability issue in the Supreme Court action.
The second predicate for according preclusive effect to the Supreme Court determination upon the liability issue is the master and servant relationship between the State and Ms. LeClair. In the case of Wolf v Kenyon (242 App Div 116), Mr. Wolf suffered injuries as the result of a motor vehicle collision between himself and an automobile operated by Mr. Kenyon. Mr. Kenyon was operating the automobile in the course of performing his duties for his employer William A. Verkleir. Mr. Wolf brought an action against Mr. Verkleir under the doctrine of respondeat superior to recover for his injuries and the jury returned a verdict of no cause of action. Mr. Wolf then brought a second action against Mr. Kenyon to recover for the same injuries. In deciding to dismiss the second claim upon the defense of res judicata the Appellate Division (at 117) held: “Strictly speaking, master and servant are not in privity but where the relationship is undisputed and the action is purely derivative and dependent entirely upon the doctrine of respondeat superior, it constitutes an exception to the general rule.”
The same result will be reached here in determining that the master and servant relationship is sufficient under the circumstances of this case to invoke res judicata and prohibit the State from litigating anew the culpable conduct giving rise to the collision between the claimant and Ms. LeClair.
In the case of Duverney v State of New York (96 Misc 2d 898, affd 76 AD2d 962), the claimant moved for summary judgment upon the liability issue under the theory of collateral estoppel arguing that a prior Federal jury verdict against a State Police officer was binding upon the State. The Court of Claims (at 910) framed the issue, the applicable law and its determination as follows:
“Claimant maintains that the State initially appeared, not only for itself, but for the individual officers, as well. Claimant submits that notwithstanding the fact that the Attorney-General withdrew from the defense of the two officers in the action, the State still had the opportunity to continue its appearance by virtue of section 17 of the Public Officers Law.
“Case law has established that where a person had the right to control the conduct of the litigation on appeal from the judgment, he could be estopped from relitigating the issues, even though he was not a party or privy to the prior suit. (Fish v Vanderlip, 218 NY 29; Willsey v Strawway, 44 Misc 2d 601, *494 605.) However, this doctrine only operates against those who will be directly responsible, vicariously or by agreement, should judgment go against the party defendant. (Hartford Acc. & Ind. Co. v First Nat. Bank & Trust Co., 281 NY 162, 167-168.) The court does not believe that the Attorney-General under the circumstances had a full and fair opportunity to contest the verdict in the Federal court within the Schwartz guidelines.”
In reaching the determination that by virtue of section 17 of the Public Officers Law the State did not have the right to control the conduct of the Federal litigation, the Court of Claims noted that the Attorney General withdrew his representation of the State Police officers in the Federal action due to a conflict of interest. That factor is not present here. The same Assistant Attorney General defending Ms. LeClair before Mr. Justice Keniry is representing the State in the defense of this claim. While the State will not be responsible directly to the claimant under section 17 of the Public Officers Law for any judgment rendered in the Supreme Court action, the determinative issue here is the relationship between the State and Ms. LeClair, a State employee to whom an obligation of indemnity is owed pursuant to Public Officers Law § 17. The State’s participation in the defense of the Supreme Court action through the appearance by the Attorney General, when coupled with the relationship between the State of New York and Ms. LeClair arising through the doctrine of respondeat superior and the operation of section 388 of the Vehicle and Traffic Law, leads the court to determine that the State should be estopped from relitigating the issue of the responsibility for the collision between claimant and Ms. LeClair. This is especially true where the defendant has failed to allege the existence of a material issue of fact to be determined in the instant matter separate and apart from those previously determined in Supreme Court. The State has not alleged a distinct legal identity or issue in the Court of Claims which might otherwise raise a triable issue of fact precluding a grant of summary judgment. As a result, the claimant’s motion will be granted.
In view of the grant of summary judgment upon the liability issue the trial scheduled for August 4, 1999 is canceled and a conference will be scheduled to address the trial of the damages issue.